FILED

**BOHM, MATSEN, KEGEL & AGUILERA, LLP**
Lee A. Wood – Of Counsel (SBN 58676)
Jennifer S. Marvin, Esq. (SBN 180721)
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626
Telephone: (714) 384-6500
Facsimile: (714) 384-6501

2008 NOV 24   AM 11: 34

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

Attorneys for Defendants
MAYWOOD POLICE DEPARTMENT, CITY OF MAYWOOD, CHIEF BRUCE LEFLAR, MAYWOOD POLICE OFFICERS RINGROSE, VERVERA, VIZCARRA, MENCHACA, GUERRERO and GARCIA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

DSF

| | |
|---|---|
| ROBERT YANEZ,<br><br>       Plaintiffs,<br><br>vs.<br><br>MAYWOOD POLICE DEPARTMENT, CITY OF MAYWOOD, CHIEF BRUCE LEFLAR, MAYWOOD POLICE OFFICERS RINGROSE #374, VERVERA #426, VIZCARRA #390, MENCHACA #381, RYAN WEST #394, GUERRERO #388, GARCIA #396, DOES 1 through 20, Inclusive,<br><br>       Defendants. | CASE NO.: **CV08-07738** (CTx)<br><br>State Court Case No.: BC398943<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b) (FEDERAL QUESTION)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

1

COPY

1       PLEASE TAKE NOTICE that defendants Maywood Police Department, City
2  of Maywood, Chief Bruce Leflar, Maywood Police Officers Ringrose #374, Ververa #
3  426, Vizcarra # 390, Menchaca #381, Guerrero #388 and Garcia #396 hereby remove
4  to this court the state court action described below.

5      1.    On September 29, 2008, an action was commenced in the Superior Court
6  of the State of California in and for the City and County of Los Angeles, entitled
7  Robert Yanez, Plaintiff, vs. Maywood Police Department, City of Maywood, Chief
8  Bruce Leflar, Maywood Police Officers Ringrose #374, Ververa #426, Vizcarra #390,
9  Menchaca #381, Ryan West #394, Guerrero #388 and Garcia #396, Defendants, as
10  case number BC398943 attached hereto as Exhibit "A".

11      2.    The first date upon which defendants Maywood Police Department and
12  City of Maywood received a copy of the said complaint was October 24, 2008, when
13  defendants were served with a copy of the said complaint and a summons from the
14  said state court.  A copy of the summons is attached hereto as Exhibit "B".

15      3.    This action is a civil action of which this court has original jurisdiction
16  under 28 U.S.C. section 1331, and is one which may be removed to this Court by
17  defendants pursuant to the provisions of 28 U.S.C. section 1441(b) in that it arises
18  under 42 U.S.C. sections 1983 and 1988 and the Fourth and Fourteenth Amendments
19  of the United States Constitution.

28  ///

2

**NOTICE OF REMOVAL OF ACTION**

1    4.    All other defendants who have been served with Summons and

2  Complaint have joined in this Notice of Removal, as evidenced by the Joinder of

3  defendant Ryan West filed concurrently herewith.

4

5  DATED: November 21, 2008                    BOHM, MATSEN, KEGEL &
                                               AGUILERA, LLP
6

7

8                                   By:   _____
                                          Jennifer S. Marvin
9                                         Attorneys for Defendants, MAYWOOD
                                          POLICE DEPARTMENT, CITY OF
10                                        MAYWOOD,      CHIEF     BRUCE
                                          LEFLAR,     MAYWOOD     POLICE
11                                        OFFICERS RINGROSE, VERVERA,
                                          VIZCARRA,          MENCHACA,
12                                        GUERRERO and GARCIA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*EXHIBIT "A"*

1  Antonio Rodriguez,  (SBN# 51443)
   **LAW OFFICE OF ANTONIO H. RODRIGUEZ**
2  5429 E. Beverly Blvd.
   Los Angeles, CA 90022.
3  Telephone: (323) 869-9909
   Fax:         (323) 869-9911
4
   Walter L. Gordon III, (SBN# 59019)
5  2658 Griffith Park Blvd.,
   Los Angeles, CA 90039-2520
6  Telephone: (323) 662-1242
   Fax:         (323) 662-9986
7
8  Attorneys for Plaintiff, Robert Yanez

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                  FOR THE COUNTY OF LOS ANGELES    BC398943

12  ROBERT YANEZ,                          Case No.

13              Plaintiff,                  COMPLAINT FOR DAMAGES

14  vs.                                     1. VIOLATION OF CIVIL RIGHTS, 42
                                            U.S.C. §1983. (Excessive Force)
15  MAYWOOD POLICE DEPARTMENT,             2. VIOLATION OF CIVIL RIGHTS, 42
    CITY OF MAYWOOD, CHIEF BRUCE           U.S..C. §1983 (Supervisory Liability,
16  LEFFLAR, MAYWOOD POLICE                Pattern & Practice Causing Constitutional
    OFFICERS RINGROSE #374,                Violation)
17  VERVERA #426, VIZCARRA #390,
    MENCHACA #381, RYAN WEST #394,
18  GUERRERO #388, GARCIA #396,            DEMAND FOR JURY TRIAL
    DOES 1 through 20, inclusive
19
                Defendants,
20

21

22                          **GENERAL ALLEGATIONS**

23       1. At all times related to this Complaint, Defendants CITY OF MAYWOOD, THE

24  MAYWOOD POLICE DEPARTMENT, CHIEF BRUCE LEFFLAR, MAYWOOD

25  POLICE OFFICERS  RINGROSE #374,  VERVERA #426, VIZCARRA #390,

26  MENCHACA #381, RYAN WEST #394, GUERRERO #388, GARCIA #396,, DOES 1

27  through 20, inclusive have their  principal place of business in the City of Maywood,

28  County Los Angeles, California.

COMPLAINT FOR DAMAGES                   1

1       2. At the time of the incidents which gave rise to this complaint,  plaintiff ROBERT

2   YANEZ resided in Southern California.

3       3. Defendant CITY OF MAYWOOD, (hereinafter referred to as

4   "CITY"), is a chartered subdivision of the State of California with the capacity to sue and

5   be sued.  Defendant CITY is responsible for the actions, omissions, policies, procedures,

6   practices and customs of its various agents and agencies, including the CITY and

7   MAYWOOD POLICE DEPARTMENT (hereinafter referred to as "MPD") and its agents

8   and employees.  At all times relevant to the facts alleged herein, Defendant CITY was

9   responsible for assuring that the actions, omissions, policies, procedures, practices and

10  customs of the MPD and its employees complied with the laws and the Constitutions of the

11  United States and of the State of California.

12      4. At all times related to this Complaint, Defendant Chief of Police, BRUCE

13  LEFFLAR (hereinafter referred to as "CHIEF") was the Chief of Police of MPD.  He is

14  sued in his individual and official capacity.  He was charged by law with the

15  administration of defendant MPD and for the supervision, training and hiring of persons

16  working within said MPD, including peace officers and specifically including defendants

17  MPD Officers  RINGROSE #374,  VERVERA #426, VIZCARRA #390, MENCHACA

18  #381, RYAN WEST #394, GUERRERO #388, GARCIA #396,, DOES 1 through 20,

19  inclusive.

20      5. Defendants RINGROSE #374,  VERVERA #426, VIZCARRA #390,

21  MENCHACA #381, RYAN WEST #394, GUERRERO #388, GARCIA #396,, DOES 1

22  through 20, inclusive, were at all times mentioned herein, police officers with defendant

23  CITY and defendant MPD, acting within the course and scope of their employment and

24  under color of state law.  They are sued in their individual capacities.

25      6. Plaintiff is informed and believes and thereon alleges that defendants and

26  defendants sued herein as DOES 1 through 20, inclusive, are officers, agents or employees

27  of the Defendant CITY and MPD and were at all relevant times acting in the course and

28  scope of their employment.  Each defendant is the agent of the other.

COMPLAINT FOR DAMAGES        2 :

1   7. Plaintiff alleges that each of the defendants named as a "DOE" was in some
2   manner responsible for the acts and omissions alleged herein, and Plaintiffs will ask leave
3   of this Court to amend this Complaint to allege such name and responsibility when that
4   information is ascertained.

5   8. The facts giving rise to this action occurred at or near the intersection of 53rd
6   Street and Everett Avenue in the City of Maywood, County of Los Angeles, State of
7   California.

8   9. This action is brought under Title 42 U.S.C. §§1983, 1988, and on the Fourth and
9   Fourteenth Amendments of the United States Constitution and pursuant to the general laws
10   of the United States and of the State of California. As to defendants CITY, MPD, CHIEF,
11   RINGROSE #374, VERVERA #426, VIZCARRA #390, MENCHACA #381, RYAN
12   WEST #394, GUERRERO #388, GARCIA #396,, DOES 1 through 20, plaintiff alleges
13   that he was subjected to unreasonable force and was assaulted and battered by Defendants,
14   or any of them on October 21, 2006 at or about 10: 30 p.m.. Defendants and each of them
15   assaulted and battered plaintiff by beating him about the head, body and limbs with fists,
16   shod fists and blunt instruments. At the time that defendants assaulted and battered
17   plaintiff, he did not pose a threat of physical harm to the officers or anyone.

18   10. As a result of the actions and omissions of the defendants, and each or them,
19   plaintiff suffered trauma, injuries and damages, including but not limited to contusions,
20   bruises, loss of consciousness and a prolonged comma requiring emergency
21   hospitalization.

22   11. At all times relevant to the facts alleged herein, defendants and each of them,
23   including Does 1 to 20, caused and are responsible for the unlawful conduct and resulting
24   by, inter alia, personally participating in the conduct, or acting jointly and in concert with
25   others who did so; by authorizing, acquiescing or failing to take action to prevent the
26   unlawful conduct; by promulgating policies and procedures pursuant to which the
27   unlawful conduct occurred; by failing and refusing, with deliberate indifference to
28   Plaintiff; and by ratifying the unlawful conduct that occurred by agents and officers under

COMPLAINT FOR DAMAGES          3

1  their direction and control.  Whenever and wherever reference is made in this Complaint to

2  any act by a defendant, such allegation and reference shall also be deemed to mean the acts

3  and failures to act of each defendant individually, jointly and severally.

4      12. The said actions and omissions of the officers, including the use of

5  unreasonable force, were done in the presence and under the supervision of Doe 3,

6  defendants' field supervisor, who failed to take action to prevent the said use of

7  unreasonable force.

8      13. Defendants RINGROSE #374,  VERVERA #426, VIZCARRA #390,

9  MENCHACA #381, RYAN WEST #394, GUERRERO #388, GARCIA #396,, DOES 1

10  through 20, conspired together and falsified facts and evidence at the scene claiming that

11  plaintiff had assaulted them, thus giving them justification for the use of force to arrest

12  plaintiff.

13      14. Plaintiff alleges that the defendants' wrongful conduct caused deprivations of

14  rights, and caused him injuries and damages.  Plaintiff alleges that this wrongful conduct

15  of these Defendants and does 1 to 5, legally caused Plaintiff general and special damages

16  as allowable pursuant to federal law in an amount according to proof.

17      15. The afore-described acts of defendants RINGROSE #374,  VERVERA #426,

18  VIZCARRA #390, MENCHACA #381, RYAN WEST #394, GUERRERO #388,

19  GARCIA #396,, DOES 1 through 20, were done with reckless disregard of plaintiff's

20  rights and by reason thereof, plaintiffs claim exemplary and punitive damages from these

21  defendants.

22      16. By reason of the afore-described acts and omissions of said defendants, plaintiff

23  was required to retain an attorney to institute and prosecute the within action and to render

24  legal assistance to plaintiff that they might vindicate the loss and impairment of their

25  aforementioned rights; and by reason thereof plaintiff requests payment by said defendants

26  of a reasonable sum for attorney's fees pursuant to 42 U.S.C. § 1988.

27

28              **CHARGING ALLEGATIONS**

COMPLAINT FOR DAMAGES              4

## FIRST CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS

[42 United States Code §§ 1983, 1988 Against Defendants Ringrose #374, Ververa #426, Vizcarra #390, Menchaca #381, Ryan West #394, Guerrero #388, Garcia #396, DOES 1-5, Excessive Force)

17. Plaintiff refer to and replead each and every allegation contained in paragraphs 1 through 16 of this complaint and by this reference hereby incorporate the same herein and make each a part hereof as if set forth in full.

18. This action arises within Title 42 of the United States Code, §§1983 and 1988 of the United States Constitution, and common law principles. As more fully detailed in Paragraphs 8 and 9 of this Complaint, on October 21, 2006 Plaintiff ROBERT YANEZ was subjected to deprivation of rights by defendants, acting or pretending to act under color of law and of statutes, ordinances, regulations and customs and usages of the laws of United States, State of California and of the County of Los Angeles, which rights included, but are not limited to, privileges and immunities secured to Plaintiff and by the Constitution and laws of the United States, particularly Plaintiff's right to be free from excessive and unreasonable force in violation of his rights protected under the 4th Amendment, and caused him the injuries and damages complained of.

### SECOND CAUSE OF ACTION BY PLAINTIFF AGAINST DEFENDANTS CITY, CHIEF, AND MPD FOR FAILURE TO TRAIN, INVESTIGATE OR SUPERVISE CAUSING CONSTITUTIONAL VIOLATIONS AND POLICY AND CUSTOM CAUSING CONSTITUTIONAL VIOLATIONS.

19. Plaintiff realleges and incorporates herein by reference the allegations of the preceding paragraphs 1 through 18, inclusive, as though fully set forth herein.

20. Plaintiff are informed and believe and thereon allege that defendants CHIEF LEFFLAR, CITY and MPD and DOES 7 TO 10, inclusive, knew of, by in the exercise of reasonable care, should have known of a history, propensity and pattern, prior to and after the time of the use of unreasonable force against Plaintiff ROBERT YANEZ, the

COMPLAINT FOR DAMAGES                5

1 preparation and submission of false reports and falsification of evidence, use unreasonable

2 police tactics which lead to the unnecessary and unreasonable use of excessive force, or

3 use unreasonable, out-of-policy or unconstitutional police tactics to investigate police use

4 of force incidents to justify and cover up officers' misconduct and the use of unreasonable

5 force by MPD officers, including, but not limited to Defendants RINGROSE #374,

6 VERVERA #426, VIZCARRA #390, MENCHACA #381, RYAN WEST #394,

7 GUERRERO #388, GARCIA #396, and DOES 1 through 4, Defendants knew, or in the

8 exercise of reasonable care, should have known that LAPD employees were responsible

9 for using unjustified force and falsely claiming that the force was justified by the suspect's

10 actions. Prior to the use of unnecessary force upon plaintiffs, defendants Ringrose #374,

11 Ververa #426, Vizcarra #390, Menchaca #381, Ryan West #394, Guerrero #388, Garcia

12 #396,, Does 1 through 5, were the subject of prior complaints of allegations of similar

13 conduct, and had been a defendant in federal and state courts alleged to have violated

14 constitutional rights in the course and scope and under color of law of their capacities as

15 MPD police officers.

16      21. Notwithstanding this information and history of MPD officers, including but

17 not limited to defendants Ringrose #374, Ververa #426, Vizcarra #390, Menchaca #381,

18 Ryan West #394, Guerrero #388, Garcia #396,, Does 1 through 4, the CITY, CHIEF and

19 MPD, maintained a policy, pattern and/or practice to permit the hiring and retention of

20 officers who are predisposed to violence and dishonesty, and of permitting, condoning,

21 and ratifying violations, under color of law, of the First, Fourth and Fourteenth

22 Amendments to the United States Constitution, by its sworn officers. Further, said

23 defendants failed to train, supervise or discipline the MPD officers that: used excessive

24 force, falsified evidence after a police use of excessive force; used unreasonable police

25 tactics which lead to the unnecessary and unreasonable use of excessive force; used

26 unreasonable, out-of-policy or unconstitutional police tactics to investigate police use of

27 force incidents;

28      22. The CHIEF, CITY and MPD had and has a custom, practice or policy which

COMPLAINT FOR DAMAGES          6

1  rejects and ignores the prior misconduct of an officer in imposing discipline or discharging
2  an officer for misconduct.  As a result, this custom, practice or policy results in the
3  retention of officers such as Ringrose #374,  Ververa #426, Vizcarra #390, Menchaca
4  #381, Ryan West #394, Guerrero #388, Garcia #396,, Does 1 through 4, who have a
5  propensity to use excessive force, falsify evidence and violate MPD policy on
6  investigation of incidents of use of force, false arrest, falsification of evidence.  This
7  promotes and perpetuates the officer code of silence and was a moving force in the
8  violations of Plaintiff's constitutional rights.

9       23. Furthermore, on or about October 21, 2006, and for some time prior thereto,
10  defendants CITY, CHIEF and LEFFLAR, and Does 6 to 10, inclusive, failed to properly
11  train, assign, supervise, investigate incidents of excessive force and false arrest and guide
12  their officers. Defendants and Does 5 and 6, supervisors on the scene of plaintiff's arrest
13  aided or condoned in the falsification of police records by failing to truthfully report and
14  record the events surrounding the incident, and condoned and failed to supervise
15  defendants Ringrose #374,  Ververa #426, Vizcarra #390, Menchaca #381, Ryan West
16  #394, Guerrero #388, Garcia #396,, Does 1 through 4. Furthermore, said defendants
17  condoned tolerated and accepted and continue to condone, tolerate and accept the use of
18  unreasonable force, the fabrication of evidence, false arrests and false reports.

19       24. Furthermore, on or about October 21, 2006, and for some time prior thereto,
20  defendants CHIEF, MPD and CITY and Does 7-10, failed to fully and objectively
21  investigate claims, reports, or allegations of misconduct by the officers under their
22  command, including but not limited to defendants Ringrose #374,  Ververa #426, Vizcarra
23  #390, Menchaca #381, Ryan West #394, Guerrero #388, Garcia #396,, Does 1 through 4.
24  As a result of said acts, omissions, policies and practices, MPD Officers Ringrose #374,
25  Ververa #426, Vizcarra #390, Menchaca #381, Ryan West #394, Guerrero #388, Garcia
26  #396,, Does 1 through 4 and others engaged in a pattern of misconduct, violations of law,
27  violations of civil rights and were allowed to continue in their malfeasance unabated by
28  any efforts of their superiors to halt such conduct.

COMPLAINT FOR DAMAGES       7 .

25. Furthermore, on or about October 21, 2006, and for some time prior thereto, defendants CITY, MPD and CHIEF and DOES 7-10, inclusive, allowed their officers to operate without adequate leadership and supervision, such that the officers operated without safeguards, audits, or reporting requirements reviewable by superiors, and that because of the lack of said accountability measures, numerous officers regularly engaged in a pattern and practice of violating the law, departmental policy and officers' guidelines, policy and procedures on use of force, arrest and report writing, among others. As a result of a said pattern of misconduct, MPD officers committed numerous acts which violated the civil rights of plaintiff, other suspects, witnesses and citizens, including but not limited to, the use of unreasonable impoundment of vehicles, unreasonable force, false arrests, perjury, false statements, the planting of evidence, intimidation of witnesses, and a general pattern of deception and withholding of material evidence.

21. Said acts and omissions, practices and policies by defendants CITY, CHIEF, MPD and DOES 6 to 10, were the moving force behind the violation of constitutional rights and damages complained of herein by plaintiffs.

WHEREFORE, plaintiffs pray for judgement as follows:

1.    General damages in an amount to be proved;

2.    Special damages in an amount to be proved;

3.    Punitive and exemplary damages from defendants Ringrose #374, Ververa #426, Vizcarra #390, Menchaca #381, Ryan West #394, Guerrero #388, Garcia #396,, Does 1 through 20, inclusive.

4.    Costs of litigation;

5.    Reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

6.    Such other and further relief as the court deems appropriate and just.

DATED: September 22, 2008.

LAW OFFICES OF ANTONIO H. RODRIGUEZ

COMPLAINT FOR DAMAGES                    8

By: _____
ANTONIO H. RODRIGUEZ
Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

DATED: September 22, 2008.

LAW OFFICES OF ANTONIO H. RODRIGUEZ
WALTER GORDON, III, ESQ.

By: _____
ANTONIO H. RODRIGUEZ
Attorney for Plaintiffs

COMPLAINT FOR DAMAGES          9

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
ANTONIO H. RODRIGUEZ    SB#051443
5429 E. Beverly Blvd.
Los Angeles, CA 90022

TELEPHONE NO.: 323.869.9909    FAX NO.: 323.869.9911
ATTORNEY FOR (Name): Plaintiff Robert Yanez

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 110 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME:
Robert Yanez vs. Maywood Police Department, et al

**FOR COURT USE ONLY**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 2 9 2008

John A. Clarke, Executive Officer/Clerk

BY SHAUNYA WESLEY, Deputy

CASE NUMBER:
BC398943

JUDGE:
DEPT:

| CIVIL CASE COVER SHEET | | Complex Case Designation | |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[✓] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive

4. Number of causes of action (specify): Two

5. This case [ ] is  [✓] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 26, 2008

ANTONIO H. RODRIGUEZ
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

CIVIL CASE COVER SHEET

American LegalNet, Inc.
www.FormsWorkflow.com

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)*
(41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)*
(43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late
Claim
Other Civil Petition

CM-010 [Rev. January 1, 2007]                **CIVIL CASE COVER SHEET**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Yanez vs. Maywood Police Department, et al. | BC398943 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL ____ ☐ HOURS/ ☑ DAYS

Item II.  Select the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked.
For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100   Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110   Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos  (04) | ☐ A6070   Asbestos Property Damage<br>☐ A7221   Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260   Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210   Medical Malpractice - Physicians & Surgeons<br>☐ A7240   Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250   Premises Liability (e.g., slip and fall)<br>☐ A7230   Intentional Bodily Injury/Property Damage/Wrongful Death (e.g.,<br>         assault, vandalism, etc.)<br>☐ A7270   Intentional Infliction of Emotional Distress<br>☐ A7220   Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br><br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029   Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☑ A6005   Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010   Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013   Fraud (no contract) | 1., 2., 3. |

| LACIV 109 (Rev. 01/07) | CIVIL CASE COVER SHEET ADDENDUM | LASC, rule 2.0 |
|---|---|---|
| LASC Approved 03-04 | AND STATEMENT OF LOCATION | Page 1 of 4 |

| SHORT TITLE: Yanez vs. Maywood Police Department, et al. | CASE NUMBER |
|---|---|

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons -See Step 3 Above |
|---|---|---|

**Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)**

| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |

**Employment**

| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |

**Contract**

| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |

**Real Property**

| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |

**Unlawful Detainer**

| Unlawful Detainer- Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer- Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer- Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**Judicial Review**

| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Yanez vs. Maywood Police Department, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE:<br>Yanez vs. Maywood Police Department, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>53rd Street and Everett Avenue |
|---|---|

| CITY:<br>Maywood | STATE:<br>CA | ZIP CODE:<br>90270 | |
|---|---|---|---|

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>L.A. Co. Superior</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: ___9/14/08___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____

BC39894

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Mary H. Strobel | 32 | 406 | |
| Hon. Conrad Aragon | 49 | 509 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Helen I. Bendix | 18 | 308 | | Hon. Jane L. Johnson | 56 | 514 | |
| Hon. Elihu M. Berle | 42 | 416 | | Hon. Ann I. Jones | 40 | 414 | |
| Hon. (pending) | 23 | 315 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Kevin C. Brazile | 20 | 310 | | Hon. (pending) | 33 | 409 | |
| Hon. Soussan G. Bruguera | 71 | 729 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Susan Bryant-Deason | 52 | 510 | | Hon. Rita Miller | 16 | 306 | |
| Hon. Luis A. Lavin | 13 | 630 | | Hon. David L. Minning | 61 | 632 | |
| Hon. Victoria Chaney* | 324 | CCW | | Hon. Aurelio Munoz | 47 | 507 | |
| Hon. Judith C. Chirlin | 19 | 311 | | Hon. Mary Ann Murphy | 25 | 317 | |
| Hon. Ralph W. Dau | 57 | 517 | | Hon. Joanne O'Donnell | 37 | 413 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Yvette M. Palazuelos | 28 | 318 | |
| Hon. James R. Dunn | 26 | 316 | | Hon. Mel Red Recana | 45 | 529 | |
| Hon. Mark Mooney | 68 | 617 | | Hon. Alan S. Rosenfield | 31 | 407 | |
| Hon. William F. Fahey | 78 | 730 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. (pending) | 51 | 511 | | Hon. John P. Shook | 53 | 513 | |
| Hon. Edward A. Ferns | 69 | 621 | | Hon. Ronald M. Sohigian | 41 | 417 | |
| Hon. Kenneth R. Freeman | 64 | 601 | | Hon. Michael C. Solner | 39 | 415 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Terry A. Green | 14 | 300 | | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Elizabeth A. Grimes | 30 | 400 | | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Paul Gutman | 34 | 408 | | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Mary Thornton-House | 17 | 309 | |
| | | | | Other | | | |

*Class Actions

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

## *Class Actions

All class actions are initially assigned to Judge Victoria Chaney in Department 324 of the Central Civil West courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for pretrial purposes and for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.



*from the*
## LOS ANGELES SUPERIOR COURT
### ADR DEPARTMENT

If you have a general jurisdiction case involving one of these 6 subject matter areas:

- commercial
- employment
- medical malpractice

- real estate
- trade secrets
- unfair competition

### *Your case may be eligible for the court's pilot Early Neutral Evaluation (ENE) program.*

♦ **ENE can reduce litigation time and costs and promote settlement.**

♦ ENE is an informal process that offers a non-binding evaluation by an experienced neutral lawyer with expertise in the subject matter of the case. After counsel present their claims and defenses, the neutral evaluates the case based on the law and the evidence.

♦ **ENE is voluntary and confidential.**

♦ The benefits of ENE include helping to clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions and, if requested by the parties, assist in settlement.

♦ **The first three (3) hours of the ENE session are free of charge.**

See back for a list of participating pilot courthouses and departments.

*For additional ENE information, visit the Court's web site at www.lasuperiorcourt.org/adr*

Page 1 of 2

05/11/06

# PARTICIPATING PILOT COURTHOUSES:

**(General Jurisdiction Case Only)**

- ## Chatsworth
- ## Pomona
- ## Santa Monica
- ## Van Nuys
- ## Stanley Mosk (Departments listed below only.)

  Department 15

  Department 16

  Department 28

  Department 30

  Department 31

  Department 32

  Department 38

  Department 42

  Department 47

  Department 50

  Department 52

  Department 55

  Department 56

  Department 68

  Department 71

  Department 89

05/11/06

# LOS ANGELES SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a relationship they want to preserve, for example, a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

> **Cases for Which Neutral Evaluation May Not Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:

- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):

- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:

- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Pay Panel or may hire someone privately, at their discretion. If the parties utilize the Pro Bono Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

**Party Pay Panel**   The Party Pay Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Pro Bono Panel**   The Pro Bono Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Pay Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all pro bono volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Private Neutral**   The market rate for private neutrals can range from $300-$1,000 per hour.

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None. | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

For additional information, visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

Partially Funded by the Los Angeles County Dispute Resolution Program

# LOS ANGELES COUNTY
# DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los Angeles County Superior Court. Services are not provided under this program to family, probate, traffic, criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

### Asian-Pacific American Dispute Resolution Center
### (213) 250-8190
(Spanish & Asian languages capability)

### California Academy of Mediation Professionals
### (818) 377-7250

### Center for Conflict Resolution
### (818) 380-1840

### Inland Valleys Justice Center
### (909) 397-5780
(Spanish language capability)

### Office of the Los Angeles City Attorney Dispute Resolution Program
### (213) 485-8324
(Spanish language capability)

### Los Angeles County Bar Association Dispute Resolution Services
### toll free number 1-877-4Resolve (737-6583) or (213) 896-6533
(Spanish language capability)

### Los Angeles County Department of Consumer Affairs
### (213) 974-0825
(Spanish language capability)

### The Loyola Law School Center for Conflict Resolution
### (213) 736-1145
(Spanish language capability)

### Martin Luther King Legacy Association Dispute Resolution Center
### (323) 290-4132
(Spanish language capability)

### City of Norwalk
### (562) 929-5603

---

DRPA Contractors do not provide legal advice or assistance, including help with responding to summonses. Accessing these services does not negate any responsibility you have to respond to a summons or appear at any set court date. See the reverse side of this sheet for information on the mediation process and obtaining legal advice.

---

## THIS IS A TWO-SIDED DOCUMENT.

**What is the goal of mediation?**

The goal is to assist the parties in reaching a mutually acceptable agreement or understanding on some or all of the issues. The parties jointly become the primary decision maker in how to resolve the issues as opposed to the traditional judge and/or jury system.

**Do I need an attorney for this?**

While it is recommended to have an attorney and/or receive legal advice before the mediation starts, you are not required to have representation. If you do have an attorney, they may participate in the mediation with you.

**How long does it take?**

Face-to-face mediations generally last one to three hours. Telephone conciliations, in which the parties do not meet face to face, vary from a few days to several weeks. Much depends on the number of parties involved and the complexities of the issues. When the mediation takes place depends on parties scheduling availability.

| A Mediator helps parties. . . | A Mediator does not... |
|---|---|
| ♦ Have productive discussions | ♦ Provide advice or opinions |
| ♦ Avoid or break impasses | ♦ Offer legal information |
| ♦ Defuse controversy | ♦ Make decisions for parties |
| ♦ Generate options that have potential for mutual gain | ♦ Represent or advocate for either side |
| ♦ Better understand each other's concerns and goals | ♦ Judge or evaluate anyone or anything |
| ♦ Focus on their interests rather than their positions | ♦ Conduct research |
| | ♦ "Take Sides" |

**What does it cost?**

The first three hours of any mediation are free. Thereafter, charges are based on income or revenue. All fees are waived for low-income individuals.

**What is the difference between the contractors listed and the Superior Court ADR Office?**

The services offered by the contractors listed may be accessed immediately. Those offered by the Superior Court ADR Office, also a DRPA contractor, may not be accessed by parties until a court appearance, or at the directive of the judge assigned to the case.

**Legal Advice/Information**

**If you want to retain an attorney,** a list of state certified referral services is at courtinfo.ca.gov which also has an on-line self help legal center.

**Self-Help Legal Access Centers** are at the Inglewood, Palmdale, Pomona, and Van Nuys courthouses. nls-la.org and lafla.org

**Court Personnel** can answer non-legal questions (forms, fees, fee waivers). lasuperiorcourt.org

**Low-income individuals** may qualify for help from non-profit legal organizations. Court Personnel and DRPA contractors have such listings.

### Dispute Resolution Programs Act (DRPA) Grants Administration Office
**(213) 738-2621**
**(The DRP Office is not a Superior Court Office. Consult your phone directory to locate the number of the Court Office on your summons.)**

**THIS IS A TWO-SIDED DOCUMENT.**

LAADR 007 07-04
LASC Approved

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process (describe): _____

Dated: _____

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

| Short Title | Case Number |
|---|---|
| | |

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

*EXHIBIT "B"*

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Maywood Police Department, City of Maywood, Chief Bruce Leflar,
Maywood Police Officers Ringrose #374, Ververa #426, Vizcarra #390,
Menchaca #381, Ryan West #394, (See attachment to Summons)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Robert Yanez

10-23-08P04:29 RCVD

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 29 2008

John A. Clarke, Executive Officer/Clerk

BY SHAUNYA WESLEY, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* BC398545 |
|---|---|
| Los Angeles Superior Court, Central District 111 N. Hill Street Los Angeles, CA 90012 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Antonio H. Rodriguez Tel: 323-869-9900 Fax: 323-869-9911
5429 E. Beverly Blvd., Los Angeles, CA 90022

| DATE: *(Fecha)* SEP 29 2008 | Clerk, by *(Secretario)* S. WESLEY | , Deputy *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

## ATTACHMENT TO SUMMONS

Guerrero #388, Garcia #396, DOES 1 through 20, inclusive